**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| **Robert Reeves Wilson,** | | |
| **Debra Sue Wilson,** | : | Case No. 16-53086 |
| | | Chapter 13 |
| Debtors. | : | Judge Hoffman |

**MOTION TO AVOID AND STRIP THE UNSECURED**
**SECOND MORTGAGE LIEN OF BENEFICIAL OHIO, I INC.**

Now come Debtors, Robert & Debra Wilson, by and through counsel, and respectfully request this Court issue an Order to avoid and strip the second mortgage lien of Beneficial Financial I Inc. pursuant to 11 U.S.C. §506(a) and (d), and 11 U.S.C. §1322(b)(2). Debtors seek a determination that the claim is a general, unsecured claim, pursuant to 11 U.S.C. §506(a), and that the lien be released and cancelled of record. Debtors make this request on the basis that a secured first mortgage lien on the subject real estate exceeds the value of that property and there is no equity to secure Beneficial Financial I Inc.'s second mortgage lien, as more fully set forth in the Memorandum in Support, below.

Respectfully submitted,

/s/ Crystal I. Zellar
Crystal I. Zellar (#0038785)
Shelley E. Hibburt (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
720 Market Street
Zanesville, Ohio 43701
Telephone: (740) 452-8439
Facsimile: (740) 450-8499
mail@ZellarLaw.com
Counsel for Debtors

**MEMORANDUM IN SUPPORT**

Debtors, Robert & Debra Wilson (hereinafter "Debtors"), filed for relief under Chapter 13 on May 10, 2016. The Chapter 13 Plan has not yet been confirmed. The Debtors' first statutory Plan payment has been made.

Debtors are the owners of residential real estate located at 107 Riverview Drive, Newark, Ohio. The Debtors' real estate has a fair market value of One Hundred Five Thousand, Eight Hundred Two and 00/100ths Dollars ($105,802.00) based on the appraisal submitted by the Debtors contemporaneously with this Motion, which was served on all secured creditors pursuant to Local Bankruptcy Rule 3012-1(d)(2). No Objection to Confirmation of the Debtors' proposed Chapter 13 Plan has been filed by Beneficial Financial I Inc., nor have they contested the proposed valuation of the real estate.

On December 27, 2007, Debtors executed a note and mortgage in favor of Beneficial Ohio Financial now Select Portfolio Servicing, Inc., for a new first mortgage on their residence. Debtors owe Select Portfolio Servicing the sum of One Hundred Eight Thousand Three Hundred Fifty-seven and 71/100ths Dollars ($108,357.71) on the first mortgage. However previously, on March 5, 2007, Debtors executed a prior note and mortgage in favor of Beneficial Financial I Inc., for a mortgage on the same real estate, which was recorded on March 15, 2007, at instrument number 200703150006522 of the Licking County Mortgage Records. Debtors owe Beneficial Financial I Inc. the sum of Twenty-six Thousand and 00/100ths Dollars ($26,000.00) on the new second mortgage claim. While the date of the recording of the mortgage of Beneficial Ohio Financial now Select Portfolio Servicing, Inc. is subsequent to the recording of Beneficial Financial I Inc. mortgage lien, Beneficial Financial I Inc. executed a Subordination of Mortgage Agreement on December 20, 2007, of record in the Official Records of Licking County Instrument # 200712280032717, making the Beneficial Financial I Inc. mortgage subordinate to the later recorded Beneficial Ohio Financial now Select Portfolio Servicing, Inc.'s mortgage. Beneficial Financial I Inc.'s second mortgage lien, (by subordination) is junior to the first mortgage lien held by Beneficial Ohio Financial now Select Portfolio Servicing, Inc., and to any statutory real estate tax lien held by the Licking County Treasurer.

The amount due on the first mortgage lien held by Beneficial Ohio Financial now Select Portfolio Servicing, Inc. exceeds the undisputed value of the subject real estate. There is, therefore, insufficient equity in the subject real estate to secure Beneficial Financial I Inc.'s second mortgage lien. The second mortgage lien of Beneficial Financial I Inc. should be deemed to be unsecured pursuant to 11 U.S.C. §506(a). See *In Re Lane*, (6th Cir. 2002), 280 F.3d 663, 664. Pursuant to *Lane*, the Chapter 13 Plan may modify the rights of holders of second mortgage liens secured by Debtor's residence when the amount due on the first mortgage exceeds the value of the subject real estate pursuant to 11 U.S.C. §1322(b)(2). Further, Chapter 13 does not require an adversarial proceeding to strip-off a wholly unsecured lien, because the same objective may be accomplished through the confirmation process and the combined operation of 11 U.S.C. §506(a), §1322(b)(2), §1325(a)(5), and §1327(b) and (c). *In Re Claar* (Bankr.

S.D. Ohio April 30, 2007), 2007 Bankr. Lexis 1423, *20-21; *In Re Hill,* (Bankr. S.D. Ohio 2003), 304 B.R. 800, 804-05.

11 U.S.C. §506(a) provides, in pertinent part, the following:

"An allowed claim of a creditor secured by a lien on a property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim."

11 U.S.C. §1322(b)(2) provides, in relevant part:

1. The plan may—

(2) modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the Debtor's principle residence…

In the case at bar, the amount due on the first mortgage lien held by Beneficial Ohio Financial now Select Portfolio Servicing, Inc. exceeds the appraised value of the subject real estate. There is, therefore, insufficient equity in the subject real estate to secure Beneficial Financial I Inc.'s second mortgage lien. As a result, since Beneficial Financial I Inc. is not a holder of a secured claim under the above code sections, the Plan may modify the rights of holders of mortgage liens secured by the Debtors' residence when the amount due on the first mortgage exceeds the value of the property. Therefore, the second mortgage lien of Beneficial Financial I Inc. should be deemed wholly unsecured.

WHEREFORE, your Debtors respectfully request that:

i. This court issue an Order deeming the second mortgage claim of Beneficial Financial I Inc., recorded in the Licking County Mortgage Records on March 15, 2007, in instrument number 200703150006522 to be wholly unsecured;

ii. This court issue an order avoiding Beneficial Financial I Inc.'s wholly unsecured second mortgage lien, pursuant to 11 U.S.C. §506(a) and 11 U.S.C. 1322(b)(2);

iii. That said lien be released and cancelled by the Licking County Recorder upon receipt of a certified copy of the Order on this Motion; and

iv. For such other relief as this Court deems necessary and appropriate in this instance.

Respectfully submitted,

/s/ Crystal I. Zellar
Crystal I. Zellar (#0038785)
Shelley E. Hibburt (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
Counsel for Debtors

## **NOTICE AND CERTIFICATE OF SERVICE**

I hereby certify that on **May 27, 2016,** a copy of the foregoing **Motion to Avoid and Strip Unsecured Second Mortgage Lien** was served on the following registered ECF participants, **electronically** through the court's ECF System at the email address registered with the court:

    US Trustee                        Chapter 13 Trustee

And on the following by **certified U.S. Mail** addressed to:

Beneficial Financial I Inc.
c/o CT Corporation Systems Inc.
Statutory Agent
1300 East 9th Street Ste 1010
Cleveland, Ohio 44114

Ditech. Com
GMAC Mortgage
ATTN: Customer Care
P.O. Box 205
Waterloo IA 50704-0205

and on the following by **ordinary U.S. Mail** addressed to:

Robert & Debra Wilson
107 Riverview Drive
Newark, Ohio 43055


*as and for NOTICE* that the attached request for relief would be filed. The undersigned will present to the Court a proposed order granting the relief sought, unless, within twenty-one (21) days after this date, a written memorandum in opposition along with a request for hearing is filed with the Court and served on the undersigned.

                                          /s/ Crystal I. Zellar
                                          Crystal I. Zellar (#0038785)
                                          Shelley E. Hibburt (#0091736)
                                          **Zellar & Zellar, Attorneys at Law, Inc.**
                                          Counsel for Debtors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

IN RE: :
**Robert Reeves Wilson,**
**Debra Sue Wilson,** : Case No. 16-53086
Chapter 13
Debtors. : Judge Hoffman

### NOTICE OF FILING OF MOTION TO AVOID AND STRIP THE UNSECURED SECOND MORTGAGE LIEN HELD BY BENEFICIAL FINANCIAL I INC.

The Debtors have filed papers with the Court seeking to Avoid and Strip an unsecured second mortgage.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the motion/objection, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to: US Bankruptcy Court, Clerk's Office, 170 North High Street, Columbus, Ohio 43215, OR, your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:
   US Trustee - ustpregion09.cb.ecf@usdoj.gov
   Chapter 13 Trustee – notices@ch13columbus.com
   Crystal I. Zellar, Esq. & Shelley E. Hibburt, Esq. - mail@zellarlaw.com, zellarmail@yahoo.com
   Robert & Debra Wilson, 107 Riverview Drive, Newark, Ohio 43055

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion/objection and may enter an order granting that relief.

Date: May 27, 2016

    /s/ Crystal I. Zellar
Crystal I. Zellar (#0038785)
Shelley E. Hibburt (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
720 Market Street
Zanesville, Ohio 43701
Telephone: (740) 452-8439
Facsimile: (740) 450-8499
mail@ZellarLaw.com
Counsel for Debtors