**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | Robert Reeves Wilson<br>Debra Sue Wilson | : | Case No.  16-53086 |
| | | : | Chapter 13 |
| | | : | Judge  John E. Hoffman, Jr. |
| | Debtor(s) | | |

# CHAPTER 13 PLAN

**NOTE**: The term "Debtor" as used throughout this Plan shall reference either a single debtor or joint debtors. The term "Plan" shall refer to the plan filed in this case, as it may be amended, using the mandatory form plan adopted in this Division. All references to section (§) numbers are to sections of the United States Bankruptcy Code, 11 U.S.C. section § 101, et seq. The term "BR" shall refer to the Federal Rules of Bankruptcy Procedure. The term "LBR" shall refer to the Local Bankruptcy Rules of the Southern District of Ohio.

☒ Amended Plan

All pre-confirmation amendments to an original Mandatory Form Plan shall be accomplished by filing a complete Plan with the changes highlighted or reflected in bold or italic typeface.

| | | |
|---|---|---|
| ☒ Above Median Income<br>☐ Below Median Income | Insolvent unless otherwise marked below:<br><br>☐ Solvent Estate | Dividend to unsecured creditors:<br><br>20.00  % |

Debtor claims to be eligible for discharge under § 1328(f) unless otherwise marked below:
  ☐ Debtor is not eligible for discharge under § 1328(f)
  ☐ Joint Debtor is not eligible for discharge under § 1328(f)

Debtor
  (1) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on    May 10, 2016
  **OR**
  (2) converted this case to a case under Chapter 13 on _____ ("Petition Date").

MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012

## A. PAYMENTS

### A(1). Plan Payments.

The future earnings of Debtor are submitted to the supervision and control of the Trustee. Debtor shall pay the Trustee the sum of $ __3,050.00__ per month (enter all step-payments), for a period not to exceed sixty months. Debtor shall commence payments within thirty days of the Petition Date, and distributions shall begin upon confirmation pursuant to § 1326(a). The effective date of the Plan shall be the date of entry of an order confirming the Plan.

From the payments so received, the Trustee shall make disbursements, subject to the Trustee's fee. The disbursement schedule is dependent upon receipt of regular monthly Plan payments. Any increases to monthly mortgage or escrow payments without corresponding changes to the Plan payment may impact the disbursement schedule. The Trustee has the discretion to calculate the amount and timing of distributions as is administratively efficient.

### A(2). Pre-Confirmation Adequate Protection Payments/Lease Payments.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee, subject to his full fees, to the creditors listed below. Except as provided by § 501(c), secured creditors must file a proof of claim to receive payment. Unless otherwise ordered by the Court, these payments will be retained by the Trustee until confirmation and distributed after confirmation. If the case is dismissed or converted prior to confirmation, the Trustee will distribute the retained payments, pro rata, based on the adequate protection payment amounts.

| Creditor | Property Description | Monthly Adequate Protection Payment |
|---|---|---|
|  |  |  |

### A(3). Administrative Expenses, Attorney Fees, and § 1326 (b) Priority Payments.

Administrative expenses, unitemized attorney fees, itemized attorney fees under LBR 2016-1(b)(2)(B), and priority payments as required by § 1326(b) shall be paid concurrently with Class 2 claims. The total unitemized attorney fee for services (not to exceed the amount set forth in LBR 2016-1(b)(2)(A)), or the estimated itemized fee under LBR 2016-1(b)(2)(B) is $ __3,500.00__ .

Debtor's attorney received $ __1,000.00__ prior to the Petition Date. The Trustee shall disburse a minimum monthly amount of $ __1,500.00__ to Debtor's attorney until the balance of $ __2,500.00__ is paid in full. Fees for independent appraisals of real estate and utility deposits will be paid as administrative expenses pursuant to § 503 upon the timely filing of a proof of claim. The Trustee may pay in one lump sum any administrative claim that is less than $500.00.

B.    CLASS 1—CLAIMS SECURED BY REAL PROPERTY

Except as set forth in section B(3), all secured creditors secured only by a security interest in real property shall retain their liens until the later of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law.

B(1).    Mortgage Payments Outside the Plan.

Regular monthly payments on the following mortgage claims will be paid directly by Debtor, if direct payments are permitted by LBR 3015-1(d)(1):

| Creditor | Property Address |
|---|---|
|  |  |

B(2).    Conduit Mortgage Payments.

Regular mortgage payments on the following mortgage claims will be paid on a conduit basis by the Trustee, subject to his full fees, beginning with the first calendar month after the Petition Date, if conduit payments are required by LBR 3015-1(d)(1) or proposed by Debtor. Confirmation of the Plan shall impose an affirmative duty and legal obligation on the holders and/or servicers of mortgage claims to do all of the following, unless the case is dismissed or converted:

(a)    Apply the post-petition conduit mortgage payments as post-petition monthly payments of principal and interest on the mortgage note, and, if applicable, as post-petition monthly payments of escrowed items such as insurance and/or real estate taxes. If such payments are placed into a suspense, forbearance or similar account, they will be deemed to have been applied pursuant to this subsection.

(b)    Apply the payments received from the Trustee for payment on the arrearage, if any, only to such arrearage. The arrearage shall be deemed paid in full upon the entry of the discharge order in this case, unless otherwise ordered by the Court

(c)    Deem the pre-petition arrearage contractually current upon confirmation of the Plan so as to preclude the imposition of late payment charges or other default-related fees and services.

(d)    File and serve a Notice of Mortgage Payment Change on Official Form 10S1, within the deadline and in compliance with the service requirements set forth in BR 3002.1(b), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the Plan. Upon the filing of a Notice of Mortgage Payment Change, the Plan shall be deemed modified to permit the Trustee to disburse the amended payment amount.

| Creditor | Property Address | Monthly Conduit Mortgage Payment |
|---|---|---:|
| Select Portfolio Servicing, Inc. | 107 Riverview Drive, Newark, Ohio | $1,225.00 |

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

**B(3). Liens and/or Mortgages to be Paid as Unsecured Claims.**

The following claims secured by a lien and/or mortgage will be paid as unsecured claims concurrent with Class 5 general unsecured claims. Debtor shall file a separate motion or adversary proceeding to determine: (i) whether the property listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to § 1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code. Notwithstanding § 1327(a), confirmation of the Plan shall not be dispositive of: (i) the valuation of the collateral or (ii) the secured status of the claims. Debtor has standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor.

| Creditor | Property Address |
|---|---|
| Ohio Department of Taxation 2015 JD 174237 | 107 Riverview Drive, Newark, Ohio |
| Ohio Department of Taxation 2015 JD 174240 | 107 Riverview Drive, Newark, Ohio |
| Ohio Department of Taxation 2015 JD 174241 | 107 Riverview Drive, Newark, Ohio |
| Beneficial Financial I Inc. | 107 Riverview Drive, Newark, Ohio |

**B(4). Liens and/or Mortgages Which May Be Modified.**

Liens and/or mortgage claims listed in this subsection consist of any claims secured by real property *that is not the Debtor's principal residence* or secured by other assets in addition to the residence. To the extent the claim of the lien holder and/or the mortgage claim holder is in excess of the value of the estate's interest in the collateral, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the real property shall be valued for purposes of § 506 as set forth by Debtor below.

| Creditor | Property Address | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012

### B(5). Real Property to be Surrendered.

(a) Debtor will surrender the following real property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim.

| Creditor | Property Address |
|---|---|
|  |  |

(b) The Trustee shall not pay any claims secured by this real property until a timely filed secured proof of claim is amended to set forth the unsecured deficiency balance after disposition of the real property.  Such amendments shall be filed no later than 365 days after confirmation of the Plan; amendments filed after that date shall be deemed disallowed and subject to discharge under § 1328 unless otherwise ordered by the Court.  The Trustee will make no distributions in respect of mortgage payments, mortgage arrearages, or real estate taxes on surrendered real property, unless otherwise provided in the Plan or by order of the Court.

(c) Upon confirmation of the Plan, the automatic stay of § 362 shall be deemed modified to allow *in rem disposition* of the real property as necessary to effect the surrender.

NOTE: If, at any time after confirmation, sufficient funds are not available to make a full monthly payment on all Class 1 claims, at the Trustee's discretion, the available funds will be distributed pro rata on Class 1 claims. Any post-petition mortgage arrearages will be paid prior to payment of Class 2 claims.

### C. CLASS 2—CLAIMS SECURED BY PERSONAL PROPERTY; UNEXPIRED LEASES

#### C(1). Lien Retention and Interest.

All secured creditors secured only by a security interest in personal property shall retain their liens until the earlier of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law.  Unless otherwise stipulated or provided for below, secured creditors shall be paid interest at the rate of __4.00__ %.

#### C(2). To Be Paid in Full (i.e., § 506 Does Not Apply).

The Trustee shall pay the following claims in full:

| Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012

**C(3). Claims to Which § 506 Applies.**

Claims listed in this subsection consist of any claims secured by personal property not described above. To the extent a secured creditor's claim is in excess of the collateral value, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the personal property shall be valued for purposes of § 506 at the lower of the creditor's valuation set forth on its proof of claim or the valuation set forth by Debtor below:

| Creditor | Property Description | Purchase Date | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**C(4). Personal Property to be Surrendered**

Debtor will surrender the following property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

**C(5). Executory Contracts and Vehicle Leases.**

(a)  Debtor rejects the following executory contract(s) and/or vehicle lease(s) and any resulting claim shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

(b)  Debtor assumes the executory contract(s) and/or vehicle lease(s) listed below The Trustee shall pay vehicle lease payments unless otherwise ordered by the Court. Debtor shall pay all other lease or executory contract payments unless otherwise specified below. All payments under this section will begin the first calendar month following the Petition Date.

| Creditor | Property Description | Termination Date | Monthly Payment Amount To be Paid Directly by Debtor | Monthly Payment Amount To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**NOTE**: If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 2 claims, at the Trustee's discretion, the available funds will be paid pro rata on Class 2 claims and administrative expense claims.

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

**D. CLASS 3—PRIORITY CLAIMS AND DOMESTIC SUPPORT OBLIGATIONS**

**D(1). Priority Claims.**

Class 3 claims will be paid pro rata and concurrently with Class 4 claims. All allowed claims entitled to priority under § 507(a) shall be paid in full unless: (i) otherwise provided for in § 1322(a), or (ii) the holder of a particular claim agrees to a different treatment of its claim. Any and all pre-petition penalties, and post-petition penalties and interest, that have accrued or will accrue on any such claims shall be treated as Class 5 general unsecured claims and shall not be entitled to priority.

**D(2). Domestic Support Obligations.**

(a) Domestic support obligations (DSOs) are defined in § 101(14A). Debtor shall pay all post-petition DSOs directly to the DSO creditor and not through the Trustee. Upon completion of the Plan, Debtor shall certify to the Court that all payments on post-petition DSOs have been made. If Debtor becomes subject to a DSO during the term of the Plan, Debtor shall file with the Court and serve on the Trustee a notice reflecting the nature of the DSO, and the name and address of the DSO creditor.

Pre-petition arrearages on DSOs shall be paid as follows:

| Name of DSO Creditor | Name & Address of CSEA | Estimated Arrearage Amount, if any, to be Paid Directly by Debtor | Estimated Arrearage Amount, if any, to be Paid by Trustee |
|---|---|---|---|
| | | | |

(b) Name of governmental unit to which a DSO has been assigned, or is owed, or is recoverable by, and the estimated amount of the DSO:

| Creditor | Governmental Unit | Estimated DSO Amount | To be Paid Directly by Debtor | To be Paid by Trustee |
|---|---|---|---|---|
| | | | | |

MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012

### E. CLASS 4—SECURED CLAIMS NOT OTHERWISE DESIGNATED

#### E(1). Payment of Class 4 Claims.

Class 4 claims including itemized post-confirmation attorney fees per LBR 2016-1(c), pre-petition mortgage arrearages, pre-petition and post-petition lease arrearages, real estate taxes and other secured claims not otherwise designated shall be paid pro rata, concurrently and in full with Class 3 claims.

**NOTE**: No interest shall be paid on any pre-petition mortgage arrearages as part of the cure of the default if the mortgage was executed after October 22, 1994.

#### E(2). Pre-Petition Arrearages on Real Estate Mortgage(s).

The Trustee shall distribute payments to cure the following pre-petition mortgage arrearages:

| Creditor | Property Address | Estimated Arrearage Amount |
|---|---|---|
| Select Portfolio Servicing Inc. | 107 Riverview Drive, Newark, OH | $15,000.00 |

#### E(3). Arrearages on Assumed Leases and Executory Contracts.

The Trustee shall distribute payments to cure the following arrearages on assumed leases and/or executory contracts:

| Creditor | Property Address/Description | Estimated Arrearage Amount |
|---|---|---|
|  |  |  |

### F. CLASS 5—GENERAL UNSECURED CLAIMS

#### F(1). Unsecured Dividend.

After payment of allowed claims in Classes 1, 2, 3 and 4, allowed general unsecured claims shall be paid a dividend as provided on page one of the Plan.

Notwithstanding the expiration of the claims bar date, the Trustee is authorized to modify the Plan post-confirmation to ensure that plan length meets the "applicable commitment period" provided by § 1325(b) by filing a motion with the Court.

#### F(2). Solvency.

If this is a solvent estate, all general unsecured claims shall be paid in full with interest at __3.00__ %, unless otherwise provided.

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

**G.     MISCELLANEOUS PROVISIONS**

    **G(1).   Co-Debtor Claims not Otherwise Provided for in the Plan.**

        (a)     The following co-debtor claims will be paid in full by the Trustee concurrently with Class 4 claims to protect the co-debtor:

| Creditor | To be Paid in Full with Interest at Rate Specified Below | Minimum Monthly Payment, if Applicable |
|---|---|---|
|  |  |  |

        (b)     The following co-debtor claims will be paid as follows:

| Creditor | To be Paid by Co-Debtor Outside the Plan | To be Paid Same Dividend as General Unsecured Claims |
|---|---|---|
|  |  |  |

    **G(2).   Sale of Property.**

Debtor proposes to sell the real or personal property described below following Trustee and/or Court approval as required by LBR 6004-1(c)–(d). Debtor shall commit the net proceeds as follows:

| Property Address/ Description | Date by Which Sale Shall be Completed | Estimated Net Proceeds | Disposition of Net Proceeds |
|---|---|---|---|
|  |  |  |  |

    **G(3).   Tax Returns.**

All required tax returns have been filed except as provided below:

| Tax Agency | Type of Tax | Tax Period | Date Return will be Filed |
|---|---|---|---|
|  |  |  |  |

### G(4). Vesting.

Unless marked below, confirmation of the Plan vests all property of the estate in Debtor free and clear of any claim or interest of any creditor provided for by the Plan pursuant to § 1327(b) and (c).

☒ Property of the estate shall not vest in Debtor upon confirmation but shall remain property of the estate until the case is dismissed, converted, or a discharge is issued, whichever occurs first.

### G(5). Other Events.

If any of the following occurs, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Trustee and/or Court:

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, employment claim, workers' compensation claim, unemployment claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

### G(6). Insurance Information.

As of the Petition Date, Debtor's property is insured as follows:

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent and Contact Information |
|---|---|---|---|---|
| 6641 Charles Road, Westerville, Ohio 43082-9029 | American Modern Select Insurance Company | 0850048008315 | Full Coverage | Ivantage Select Insurance Agency P.O. Box 5323 Cincinnati, Ohio 45201 |
| 107 Riverview Drive, Newark, Ohio | The Cincinnati Insurance Companies | H02 0159417 | Full Coverage | David DeRoberts (614) 825-0770 |
| 2011 Ford Escape | The Cincinnati Insurance Companies | A02 0159417 | Full Coverage | David DeRoberts (614) 825-0770 |

**G(7).  Casualty Loss Insurance Proceeds (Substitution of Collateral).**

If a motor vehicle is substantially damaged while subject to an unpaid secured claim, Debtor shall have the option, upon the filing of an appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to: (i) repair the vehicle, (ii) pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or (iii) substitute the collateral by purchasing a replacement vehicle.  If Debtor purchases a replacement vehicle, the vehicle shall have a value not less than the balance of the unpaid secured claim, the lien of the creditor shall be transferred to the replacement vehicle, and the Trustee will continue to pay the allowed secured claim.  Debtor may not purchase a replacement vehicle without Trustee and/or Court approval as required by LBR 4001-3(b)–(d).

**G(8).  Post-Petition Debt.**

Debtor shall not incur any non-emergency consumer debt in excess of $1,000 without Trustee and/or Court approval. LBR 4001-3(b)–(d).

**H.  SPECIAL PROVISIONS**

The Special Provisions listed below, if any, are restricted to those items applicable to Debtor's particular circumstances.

**NOTE**: Special Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or the like. *See* General Order No. 7.

| Special Provisions: | |
|---|---|
| 1. | Debtor may elect to sell the real estate or personal property included herein during the pendency of the Plan, upon proper application and approval by the Court. |
| 2. | Debtor shall make plan payments in the amount set forth in this Plan for no less than the applicable commitment period, but not to exceed 60 months. The dividend to be paid to unsecured creditors shall be no less than the dividend set forth on page one of the plan. |
| 3. | Student Loans - any student loan creditor shall be permanently enjoined from charging late fees, collection fees, or any other penalties based solely upon its pro rata Chapter 13 Plan distributions being less than the minimum monthly payments it would otherwise be contractually entitled to during the life of the plan. |

The undersigned hereby certify(ies) that the Plan does not contain any alterations to the text of the Mandatory Form Plan, except as authorized by order of the Court.

| Case Attorney: | |
|---|---|
| /s/ Crystal I. Zellar (#0038785) | |
| /s/ Shelley E. Hibburt  (#0091736) | |
| /s/ Zellar & Zellar, Attorneys at Law, Inc. | |
| /s/ 720 Market Street | |

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

| | |
|---|---|
| /s/ Zanesville, Ohio 43701 | |
| /s/ Telephone: (740) 452-8439 | |
| /s/ Facsimile: (740) 450-8499 | |
| /s/ email: mail@ZellarLaw.com | |

Dated: June 27, 2016

| **Debtor** | | **Joint Debtor** | |
|---|---|---|---|
| /s/ Robert Reeves Wilson | | /s/ Debra Sue Wilson | |

Dated: June 27, 2016  Dated: June 27, 2016

**NOTICE AND CERTIFICATE OF SERVICE**

   I hereby certify that on **June 28, 2016,** a copy of the foregoing **First Amended Chapter 13 Plan** was served on the following registered ECF participants, **electronically** through the court's ECF System at the email address registered with the court:

| | | |
|---|---|---|
| US Trustee<br>Chapter 13 Trustee | LeAnn E. Covey, Esq. | Brian M. Gianangeli, Esq. |

and on the following by **ordinary U.S. Mail** addressed to:

Robert and Debra Wilson
107 Riverview Dr
Newark OH 43055

Accelerated Revenue Inc
4016 North Hampton Dr
Powell OH 43065-8431

Advance America
1259 Log Pond Dr
Newark OH 43055-3093

Allied Collection Services
PO Box 1799
Holland MI 49422-1799

Beneficial Financial I Inc
c/o CT Corporation Systems Inc
Statutory Agent
1300 East 9th Street Ste 1010
Cleveland OH 44114-1506

CU Recovery Inc
26263 Forest Blvd
Wyoming MN 55092-8033

Capital One
Customer Center
PO Box 30256
Salt Lake City UT 84130-0256

Capital One Bank USA NA
PO Box 71083
Charlotte NC 282721083

CashNet USA
200 W Jackson Blvd #2400
Chicago IL 60606-6941

Cashland
17 Triangle Park
Cincinnati OH 45246-3411

Comenity Bank/Capital Bank
Bankruptcy Department
PO Box 182120
Columbus OH 43218-2120

Ditechcom
GMAC Mortgage
Attn: Customer Care
PO Box 205
Waterloo IA 50704-0205

Elder Beerman
Capital One
PO Box 182789
Columbus OH 43218-2789

Elder Beerman
Capital One
PO Box 30253
Salt Lake City UT 84130-0253

Fingerhut
Customer Service
PO Box 1250
Saint Cloud MN 56395-1250

HSBC Card Services
Customer Service
PO Box 5253
Carol Stream IL 60197-5253

Integrity Advance
300 Creek View Road Suite 102
Newark DE 19711-8547

Integrity Financial Partners Inc
4370 W 109th St #100
Overland Park KS 66211-1316

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Lerner Sampson & Rothfuss
120 East Fourth Street
PO Box 5480
Cincinnati OH 45201-5480

Licking Memorial Hospital
1320 West Main Street
Newark OH 43055-3699

National Enterprise System
29125 Solon Road
Solon OH 44139-3442

National Payday Loan
signmyloannet
510 Boxwood Boulevard
Wilmington DE 19804

National Payday Loan
signmyloannet
PO Box 7221
Thorndale PA 19372

Navient - Dept of Education
Loan Service Correspondence
PO Box 9500
Wilkes Barre PA 18773-9500

Navient Solutions Inc
on behalf of USAF
Attn: Bankruptcy Litigation
Unit E3149
PO Box 9430
Wilkes-Barre PA 18773-9430

Ohio Department of Taxation
Attn: Bankruptcy Division
PO Box 530
Columbus OH 43216-0530

| | | |
|---|---|---|
| Ohio Department of Taxation<br>c/o Attorney General of Ohio<br>Collections Enforcement Section<br>150 East Gay Street  21st Fl<br>Columbus OH 43215-3191 | Quantum3 Group LLC<br>as agent for MOMA Funding LLC<br>PO Box 788<br>Kirkland  WA  98083-0788 | Sprint<br>Customer Service<br>PO Box 8077<br>London KY 40742-8077 |
| OneMain Financial<br>Bankruptcy Dept<br>PO Box 499<br>Hanover MD 21076-0499 | Quantum3 Group LLC<br>as agent for Sadino Funding LLC<br>PO Box 788<br>Kirkland  WA  98083-0788 | State Farm Federal Credit Union<br>1440 Granville Road<br>Newark OH 43055-1538 |
| OneMain Financial<br>Bankruptcy Dept<br>PO Box 6042<br>Sioux Falls SD 57117-6042 | Riverside Methodist Hospital<br>3535 Olentangy River Road<br>Columbus OH 43214-3998 | Tri County Radiologists Inc<br>PO Box 948<br>Newark OH 43058-0948 |
| PNC Bank<br>Customer Service<br>PO Box 3429<br>Pittsburgh PA 15230-3429 | Speedway LLC<br>PO Box 1590<br>Springfield  OH 45501-1590 | US Attorney General<br>Main Justice Building  Room 5111<br>10th & Constitution Avenue NW<br>Washington DC 20530-0001 |
| PNC Bank<br>PO Box 3180<br>Pittsburgh PA 15230-3180 | Sallie Mae Servicing<br>PO Box 9500<br>Wilkes Barre PA 18773-9500 | United States Attorney Office<br>United States District Court<br>303 Marconi Blvd  Ste 200<br>Columbus OH 43215-2326 |
| Payday One<br>PO Box 101808<br>Fort Worth TX 76185-1808 | Select Portfolio Servicing Inc<br>on behalf of Beneficial Financial<br>Ohio<br>Attn: Bankruptcy Dept<br>PO Box 65250<br>Salt Lake City UT 84165-0250 | WFNNB/Woman<br>Attention:  Bankruptcy<br>PO Box 182685<br>Columbus OH 43218-2685 |
| Plain Green Loans<br>93 Mack Road  Suite 600<br>Box Elder MT 59521 | Speedway/SuperAmerica<br>PO Box 740587<br>Cincinnati OH 45274-0587 | Williams & Williams<br>1612 NE Expressway<br>Atlanta GA 30329-2003 |

*as and for NOTICE* that the attached request for relief would be filed.  The undersigned will present to the Court a proposed order granting the relief sought, unless, within twenty-one (21) days after this date, a written memorandum in opposition along with a request for hearing is filed with the Court and served on the undersigned.


  /s/ Crystal I. Zellar
Crystal I. Zellar  (#0038785)
Shelley E. Hibburt  (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
Counsel for Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: : | |
| **Robert Reeves Wilson,** | |
| **Debra Sue Wilson,** : | Case No. 16-53086 |
| | Chapter 13 |
| Debtors. : | Judge Hoffman |

## NOTICE OF FILING OF FIRST AMENDED CHAPTER 13 PLAN

The Debtors have filed papers with the Court to amend the proposed Chapter 13 Plan.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the motion/objection, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion/objection**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to:  US Bankruptcy Court, Clerk's Office, 170 North High Street, Columbus, Ohio 43215, OR, your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:
  US Trustee - ustpregion09.cb.ecf@usdoj.gov
  Chapter 13 Trustee - notices@ch13columbus.com
  Crystal I. Zellar, Esq. & Shelley E. Hibburt, Esq. - mail@zellarlaw.com
  Robert and Debra Wilson, 107 Riverview Dr, Newark  OH  43055

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion/objection and may enter an order granting that relief.


Date:  June 28, 2016                                /s/  Crystal I. Zellar
                                                    Crystal I. Zellar (#0038785)
                                                    Shelley E. Hibburt  (#0091736)
                                                    **Zellar & Zellar, Attorneys at Law, Inc.**
                                                    720 Market Street
                                                    Zanesville, Ohio  43701
                                                    Telephone:  (740) 452-8439
                                                    Facsimile:  (740) 450-8499
                                                    mail@ZellarLaw.com
                                                    Counsel for Debtors